AMERICAN SOUTH AFRICAN LINE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 62955, 68830, 70701. Promulgated May 17, 1934.

*Frank V. Barns, Esq.*, and *Luke D. Stapleton, Jr., Esq.*, for the petitioner.

*Henry A. Cox, Esq.*, for the respondent.

OPINION.

STERNHAGEN : The Commissioner having determined that as to all of the ships owned by the petitioner during the taxable years in question the proper rate to be used in determining the statutory reasonable allowance for depreciation, including obsolescence, is 3 percent, the petitioner has instituted this proceeding to establish that the rate as to all of its ships, except the *City of New York*, should be 5 percent, and as to the *City of New York* should be approximately 4 percent. This issue was tried at length, both sides presenting, in addition to the evidence of direct fact as to the properties, the opinions of persons engaged in one way and another in the design, construction, operation, engineering, insurance, registration, survey, inspection, and appraisal of ships generally and of this character.

Since the determination of the proper rate of depreciation involves a consideration not alone of facts borne of observation and experience, but also of inferences as to future probability, it is impossible to make a purely logical exposition of the decision. The weight given to the opinions of the several witnesses eludes analysis. The contest can not be tabulated like the strikes, balls, hits, and errors of a baseball game. If a complete exposition were made of the evidence and of the manner of its appraisal and consideration, there would still remain an imponderable leap to the conclusion. The crucial part in reaching a decision must be played by the trier who hears the evidence and observes the witnesses. The opinion in such a case can perform only a slight service as a legal precedent. It is merely a specific conclusion which embodies a consideration of the entire record in that case—no more and no less. The rate fixed, unlike the depreciation base, is not unalterable. If it becomes demonstrably evident that the probable period of amortization of the investment is shorter or longer than now determined, the rate applicable to future years is still subject to adjustment in the light of such evidence. With passing years, added experience should reduce the field of necessity for prediction and estimate.

We have considered with great care all of the evidence and find it impossible to sustain the Commissioner's determination. Thirty-three and one third years is, as shown by this record, longer than anyone could reasonably expect these ships usefully to last. It would be exceptional if they should do so, and the depreciation rate should not be based on an extraordinary possibility. On the other hand, the facts and circumstances shown by the evidence indicate that the 20-year life predicted by some of the petitioner's witnesses is probably too short. The experience of the *Chincha* has itself been such as to cause the petitioner to compromise with this 20-year estimate, and it can not be said that the *Chincha* is atypical.

The implication of some of petitioner's evidence is that the depreciation, or more especially the obsolescence, deduction may be an instrument of relief to a taxpayer from the rigors of commercial competition. But the deduction is applicable not to a taxpayer's business, but to the property used in the business. Obsolescence is measured primarily not by earnings, but by the duration, in time, of economic usefulness of the property under investigation.

Our own conclusion, from the evidence, is that a reasonable depreciation allowance, sufficient to include obsolescence, should be measured by a useful life of 25 years for all of the petitioner's ships except the *City of New York*, and that the useful life of the *City of New York* should be taken at 28½ years. On these periods, the straight-

line annual percentage rate which should properly be used is 4 percent upon the *Eastern Glen, Eastern Glade, West Isleta, West Cawthon,* and *Chincha,* and 3½ percent upon the *City of New York.*

*Judgment will be entered under Rule 50.*